# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| JOHNNY BALES, Individually and For Others Similarly Situated,<br>　　　　Plaintiff,<br><br>v.<br><br>CRESTWOOD MIDSTREAM PARTNERS LP,<br>　　　　Defendant. | Case No. 4:20-cv-02654<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COMPLAINT

### SUMMARY

1. Plaintiff Johnny Bales (Bales) brings this lawsuit to recover unpaid overtime wages and other damages from Crestwood Midstream Partners LP (Crestwood) under the Fair Labor Standards Act (FLSA).

2. Bales worked for Crestwood as a Senior Craft Inspector.

3. Bales and the Day Rate Inspectors (as defined below) regularly worked for Crestwood in excess of forty (40) hours each week.

4. But Crestwood did not pay them overtime.

5. Instead of paying overtime as required by the FLSA, Crestwood improperly paid Bales and the Day Rate Inspectors a daily rate with no overtime compensation.

6. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to this action occurred in this District.

9. Crestwood is headquartered in Houston, Texas.

## THE PARTIES

10. Bales worked for Crestwood from approximately December 2018 until October 2019 as a Senior Craft Inspector.

11. Throughout his employment, Crestwood paid Bales a flat daily rate for each day worked regardless of the total hours worked in a workweek ("day rate pay plan").

12. Bales's consent to be a party plaintiff is attached as **Exhibit A**.

13. Bales brings this action on behalf of himself and all other similarly situated workers who were paid by Crestwood's day-rate system. Crestwood paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in violation of the FLSA.

14. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All current and former inspectors who worked for or on behalf of Crestwood Midstream Partners LP and who were paid according to its day rate pay plan in the past three (3) years (the "Day Rate Inspectors").**

15. The identities of the Day Rate Inspectors can be readily ascertained from Crestwood's records.

16. Crestwood Midstream Partners LP is a Texas corporation and may be served with process by serving its registered agent: 1999 Bryan Street, Suite 900, Dallas, TX 75201.

## COVERAGE UNDER THE FLSA

17. At all times hereinafter mentioned, Crestwood was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. At all times hereinafter mentioned, Crestwood was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19. At all relevant times, Crestwood has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

20. At all relevant times, Crestwood has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including tools, flashlights, smart phones/devices, badges, uniforms, computers, personal protection equipment, etc.) that have been moved in or produced for commerce.

21. In each of the past 3 years, Crestwood's annual gross volume of sales has well exceeded $1,000,000 for at least the past 3 years.

22. At all relevant times, Bales and the Day Rate Inspectors were engaged in commerce or in the production of goods for commerce.

23. Crestwood uniformly applied its policy of paying its Inspectors, including Bales, a day rate with no overtime compensation.

24. Crestwood applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, or geographic location.

25. By paying its Inspectors a day rate with no overtime compensation, Crestwood violated (and continues to violate) the FLSA's requirement that it pay employees at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

26. As a result of this policy, Crestwood and the Day Rate Inspectors do not receive overtime as required by the FLSA.

27. Crestwood's uniform compensation scheme of paying its Inspectors a day rate with no overtime compensation for weeks in which these workers work over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

### THE FACTS

28. Crestwood owns and operates midstream oil and gas assets. It provides oil and gas storage, processing, supply, logistics, and transportation services.

29. To complete its business objectives, it hires personnel (like Bales) to perform inspection work.

30. Many of these individuals worked for Crestwood on a day rate basis (without overtime pay).

31. These workers make up the proposed collective of Day Rate Inspectors.

32. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

33. Throughout his employment with Crestwood, Crestwood paid him on a day rate basis.

34. Bales and the Day Rate Inspectors work for Crestwood under its day rate pay scheme.

35. Bales and the Day Rate Inspectors do not receive a salary.

36. If Bales and the Day Rate Inspectors did not work, they did not get paid.

37. Bales and the Day Rate Inspectors receive a day rate.

38. Bales and the Day Rate Inspectors do not receive overtime pay.

39. This is despite the fact Bales and the Day Rate Inspectors often worker 10 or more hours a day, for 7 days a week, for weeks at a time.

40. For example, Bales received a day rate for each day he worked for Crestwood.

41. Although he typically worked 7 days a week, for 10 or more hours a day, he did not receive any overtime pay.

42. Bales and the Day Rate Inspectors received the day rate regardless of the number of hours they worked in a week, even when they worked more than 40 hours.

43. Bales and the Day Rate Inspectors are not employed on a salary basis.

44. Bales and the Day Rate Inspectors do not, and never have, received guaranteed weekly compensation from Crestwood irrespective of the day worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

45. Bales and the Day Rate Inspectors work in accordance with the schedule set by Crestwood and/or its clients.

46. Bales's work schedule is typical of the Day Rate Inspectors.

47. Crestwood controls Bales and the Day Rate Inspectors' pay.

48. Likewise, Crestwood and/or its clients control Bales and the Day Rate Inspectors' work.

49. Crestwood requires Bales and the Day Rate Inspectors to follow Crestwood and/or its clients' policies and procedures.

50. Bales and the Day Rate Inspectors' work must adhere to the quality standards put in place by Crestwood and/or its clients.

51. Bales and the Day Rate Inspectors are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

52. As an Inspector, Bales was responsible for ensuring Crestwood's and/or its clients' projects were completed according to established guidelines, specifications, and restrictions.

53. All Crestwood's Day Rate Inspectors perform similar duties, inspecting projects, ensuring work is done according to established guidelines, specifications, and restrictions.

54. Bales and the Day Rate Inspectors provide inspection reports to Crestwood (and/or its clients') personnel.

55. At all relevant times, Crestwood and/or its clients maintained control over Bales and the Day Rate Inspectors via hiring, firing, discipline, timekeeping, payroll, and other employment practices.

56. Bales and the Day Rate Inspectors do not have the power to hire or fire any employees.

57. Bales's working relationship with Crestwood is similar Crestwood's relationship with its other Day Rate Inspectors.

58. Crestwood knew Bales and the Day Rate Inspectors worked more than 40 hours in a week.

59. Crestwood knew, or showed reckless disregard for, whether the Day Rate Inspectors were entitled to overtime under the FLSA.

60. Nonetheless, Crestwood failed to pay Bales and the Day Rate Inspectors overtime.

61. Crestwood willfully violated the FLSA.

## CAUSES OF ACTION
## FLSA VIOLATIONS

62. By failing to pay Bales and those similarly situated to him overtime at one-and-one-half times their regular rates, Crestwood violated the FLSA's overtime provisions.

63. Crestwood owes Bales and those similarly situated to him the difference between the rate actually paid and the proper overtime rate.

64. Because Crestwood knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Crestwood owes these wages for at least the past three years.

65. Crestwood is liable to Bales and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

66. Bales and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## COLLECTIVE ACTION ALLEGATIONS

67. Bales incorporates all previous paragraphs and alleges that the illegal pay practices Crestwood imposed on Bales were likewise imposed on the Putative Class Members.

68. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

69. Numerous other individuals who worked with Bales indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

70. Based on his experiences and tenure with Crestwood, Bales is aware that Crestwood's illegal practices were imposed on the Day Rate Inspectors.

71. The Day Rate Inspectors were all not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

72. Crestwood's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Day Rate Inspectors.

73. Bales's experiences are therefore typical of the experiences of the Day Rate Inspectors.

74. The specific job titles or precise job locations of the Day Rate Inspectors do not prevent class or collective treatment.

75. Bales has no interests contrary to, or in conflict with, the Day Rate Inspectors. Like each Day Rate Inspector, Bales has an interest in obtaining the unpaid overtime wages owed to him under federal law.

76. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

77. Absent this action, many Day Rate Inspectors likely will not obtain redress of their injuries and Crestwood will reap the unjust benefits of violating the FLSA and applicable state labor laws.

78. Furthermore, even if some of the Day Rate Inspectors could afford individual litigation against Crestwood, it would be unduly burdensome to the judicial system.

79. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

80. The questions of law and fact common to the Day Rate Inspectors predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether the Day Rate Inspectors' rights were violated as a result of Crestwood's day rate pay plan;

   b. Whether Crestwood's day rate pay plan was made in good faith;

   c. Whether Crestwood's decision to not pay time and a half for overtime to the Day Rate Inspectors was made in good faith;

   d. Whether Crestwood's violation of the FLSA was willful; and

   e. Whether Crestwood's illegal pay practices were applied uniformly across the nation to all Day Rate Inspectors.

81. Bales's claims are typical of the claims of the Day Rate Inspectors. Bales and the Day Rate Inspectors sustained damages arising out of Crestwood's illegal and uniform employment policy.

82. Bales knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

83. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

## JURY DEMAND

84. Bales demands a trial by jury

## PRAYER

85. WHEREFORE, Bales prays for judgment against Crestwood as follows:

    a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

    b. For an Order pursuant to Section 16(b) of the FLSA finding Crestwood liable for unpaid back wages due to Bales and the FLSA Class Members for liquidated damages equal in amount to their unpaid compensation;

    c. For an Order awarding Bales and the Day Rate Inspectors their reasonable attorneys' fees and expenses as provided by the FLSA;

    d. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

    e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
    **Michael A. Josephson**
    Texas Bar No. 24014780
    Fed. Id. 27157
    **Andrew W. Dunlap**
    Texas Bar No. 24078444
    Federal ID No. 1093163
    **Carl A. Fitz**
    Texas Bar No. 24105863
    Fed. Id. 3158237
    **JOSEPHSON DUNLAP LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    cfitz@mybackwages.com

    **AND**

    **Richard J. (Rex) Burch**
    Texas Bar No. 24001807
    Fed. Id. 21615
    **BRUCKNER BURCH PLLC**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**