UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHNNY BALES, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>CRESTWOOD MIDSTREAM PARTNERS, L.P.,<br><br>*Defendant*. | Civil Action No. 4:20-cv-02654<br><br>Judge Vanessa D. Gilmore |

**CLEVELAND INTEGRITY SERVICES INC.'S AND APPLIED CONSULTANTS, INC.'S
<u>MOTION TO INTERVENE AND BRIEF IN SUPPORT</u>**

**I.      INTRODUCTION**

Plaintiff Johnny Bales ("Bales") has sued Crestwood Midstream Partners, L.P. ("Crestwood") under the Fair Labor Standards Act ("FLSA"), claiming Crestwood as his employer and seeking to represent a collective action under 29 U.S.C. § 216(b) for:

> All current and former inspectors who worked for **or on behalf of** Crestwood Midstream Partners, L.P. and who were paid according to its day rate pay plan in the past three (3) years (the "Day Rate Inspectors").

(Dkt. 1, at ¶ 14) (emphasis added).

Crestwood has announced that it is settling this case for that entire collective **even though** (1) Bales is the only individual who has joined this case under the mandatory consent-filing provision of the FLSA (29 U.S.C. §216(b)); (2) this Court has not ruled on the propriety of a collective action, as required under *Swales v. KLLM Transp. Servs. LLC*, 985 F.3d 430, 434 (5th Cir. 2021); and (3) this settlement includes individuals employed by Cleveland Integrity Services, Inc. ("CIS") and Applied Consultants, Inc. ("Applied Consultants").

1

Crestwood has already subpoenaed both CIS and Applied Consultants for the names and addresses of their employees to notify each of this settlement; CIS and Applied Consultants have moved to quash. (Dkt. 17.) Because Crestwood proposes to settle claims of CIS and Applied Consultants employees who are not part of this action, CIS and Applied Consultants now seek to intervene pursuant to Federal Rules of Civil Procedure 24(a) and 24(b) to protect their interests and their own rights under the FLSA[1]

## II.   FACTUAL CONTEXT

CIS and Applied Consultants provide third-party inspection services for their customers, employing such inspection personnel to provide independent oversight to its customers' infrastructure projects. (Declaration of M. Frye (filed as Dkt. 17-2) at ¶ 3; Declaration of J. Lacy (filed as Dkt. 17-3) at ¶ 3.) This is comparable to a CPA firm sending auditors to clients:

> [t]he Inspector acts as the Owner Company's authorized representative for non-financial matters, continuously observes the Contractor's progress and monitors all activities in their assigned areas in accordance with codes and standards; regulatory requirements; Owner Company safety and environmental requirements, drawings, plans, and specifications; as well as the terms of the construction contract or agreement.

CEPA Foundation and the INGAA Foundation, A Practical Guide for Pipeline Instruction Inspectors 11 (Mar. 2016), https://www.cepa.com/wp-content/uploads/2016/11/A-PracticalGuide-for-Pipeline-Construction-Inspectors-16Mar2016-FIN...1.pdf.

Crestwood is a customer of both CIS and Applied Consultants. (Frye Declaration at ¶ 4; Lacy Declaration at ¶ 4.) CIS assigned 14 inspectors to its projects with Crestwood. (Frye Declaration at ¶ 8.) Applied Consultants assigned 45 inspectors to its own projects with

---

[1] Attached as Exhibit 3 is a proposed Motion to Exclude CIS and Applied Consultants Inspectors From Settlement, meeting the intervenors obligations under Federal Rule of Procedure 24(c). This draft motion is based on facts presently known; upon the public filing of the settlement and the parties' motion for its approval by this Court, there may be additional infirmities affecting CIS's and Applied Consultants' interests to include.

2

Crestwood. (Lacy Declaration at ¶ 8.) As the actual employers, both companies made the compensation decisions at issue under the FLSA, determining their employees qualified as exempt from the FLSA's overtime requirements. (Frye Declaration at ¶ 7; Lacy Declaration at ¶ 7.)

Both CIS and Applied Consultants require -- as a condition of employment -- their employees to sign arbitration agreements that encompass any FLSA claims. (Frye Declaration at ¶ 10; Lacy Declaration at ¶ 10; *see also* Frye Declaration, Ex. A, Lacy Declaration, Ex. A.) Every inspector, therefore, has an arbitration agreement that encompasses any FLSA claims and waives participation in any collective action.

Neither CIS nor Applied Consultants employed Bales. (Frye Declaration at ¶ 12; Lacy Declaration at ¶ 12.) No CIS or Applied Consultants employee has filed a consent to join as required by 29 U.S.C. ¶ 216(b). In fact, the only plaintiff in this lawsuit is Bales.

Despite that, on June 4, 2021, Crestwood's counsel advised both CIS and Applied Consultants that a settlement has been reached with Bales' counsel for a collective action of undisclosed size that includes CIS's 14 inspectors and Applied Consultants' 45 inspectors. (Declaration of K. Connelly (filed as Dkt. 17-4).) Crestwood's counsel declined to disclose any terms of this settlement other than that it will not release claims against CIS or Applied Consultants for the same workweeks being settled by Crestwood (Connelly Declaration at ¶ 5.)

III. ANALYSIS

　　A.　　Rule 24(a)(2): Intervention As Of Right

"Rule 24 is to be liberally construed" in favor of intervention. *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014). Intervention as of right is authorized where "(1) [t]he application [is] timely; (2) the applicant [has] an interest relating to the property or transaction that is the subject of the action; (3) the applicant [is] so situated that disposition of the action may, as **a practical**

**matter**, impair or impeded its ability to protect its interest; and (4) the applicant's interest [is] inadequately represented by the existing parties to the suit." *Sierra Club v. Espy*, 18 F.3d 1202, 1204–05 (5th Cir. 1994) (emphasis added). This intervention inquiry "is a flexible one, which focuses on the particular facts and circumstances . . . and intervention of right must be measured by a **practical** rather than technical yardstick." *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996) (en banc) (internal quotation marks and brackets omitted) (emphasis added).

Here, as a practical matter, CIS's and Applied Consultants' intervention is well warranted.

This Motion, filed less than a month after being informed of the settlement encompassing its inspectors, is undoubtedly **timely**. *Edwards*, 78 F.3d at 1000 (explaining that "[t]he timeliness clock runs either from the time the applicant knew or reasonably should have known of his interest or from the time he became aware that his interest would no longer be protected by the existing parties to the lawsuit"). This Court has yet to authorize a collective action, and the settlement agreement has not yet been presented to this Court so there cannot possibly be any prejudice to Crestwood or Bales. *Id.* at 1002 (clarifying that any consideration of prejudice is measured "by the applicants' delay, not that prejudice which may result if intervention is allowed").

CIS and Applied Consultants now have a direct **interest** in this action sufficient to support intervention as of right -- opposing the inclusion of their employees in this settlement in violation of their arbitration commitments and in violation of the protections granted as their employers under the FLSA. *Cf. Hoffman-La Roche v. Sperling, Inc.*, 493 U.S. 165, 174 (1989) (explaining that the FLSA was amended to include the requirement that an employee file a written consent "for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers of the burden of representative actions").

4

Further, the Supreme Court has acknowledged the propriety of intervening at this stage: *i.e.*, an intervenor "presenting evidence and hav[ing] its objections heard at the hearings on whether to approve a consent decree." *Local Number 93, Int'l Ass'n of Firefighters, AFL-CIO, C.L.C. v. City of Cleveland*, 478 U.S. 501, 529 (1986). The Fifth Circuit has reached the same conclusion with respect to consent decrees, which perfectly parallel court-approved settlements in FLSA collective actions. *Edwards*, 78 F.3d at 1004 (determining that a police union's interest in objecting to a consent decree alleged to adversely affect its members was a sufficient interest-in-intervention).

As a practical matter, that interest will be **impaired** if CIS and Applied Consultants are not allowed to intervene. Here, Crestwood's settlement cannot be squared with the statutory requirements of the FLSA, which explicitly provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b); s*ee Perez v. Avatar Props., Inc.*, No. 6:07-cv-792-orl-24DAB, 2008 U.S. Dist. LEXIS 1255107, at *8 (M.D. Fla. July 24, 2008) ("Approving global settlement with just the involvement of one plaintiff and *then* giving notice and an opportunity to opt in to an already settled matter undercuts the critical distinction between Rule 23 class actions and FLSA collective actions . . . .").[2] Yet, without intervention, Bales and Crestwood will try to gloss over those statutory requirements sans opposition as Bales counsel has done elsewhere. (Declaration of J. Barrick Bollman (filed as Dkt. 17-9) at ¶¶ 5-7.)

---

[2] While Rule 23(e) allows for a settlement for absentees, that cannot be used in FLSA collective actions. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 73-75 (2013) ("Rule 23 actions are fundamentally different from [FLSA] collective actions"). Thus, there is zero basis to settle the claims of absent employees of CIS and Applied Consultants: "Simply put: because plaintiff has no independent right to represent others that have yet to appear, plaintiff has no authority to settle their as yet unasserted claims." *Perez*, 2008 U.S. Dist. LEXIS 1255107, at *8.

5

Bales and Crestwood unquestionably are **inadequate representatives** of CIS's and Applied Consultants' interests. Repeatedly, "the profit motive will give class action lawyers incentives to do sneaky things, just like it gives businesses incentives to do sneaky things." Brian T. Fitzpatrick, *The Conservative Case for Class Actions* 72 (2019). Here, Bales' counsel routinely sues customers of inspection companies such as CIS and Applied Consultants, and then attempts to leverage settlements from those customers on the representation that it will be cost free because Bales' counsel will guide the customer on seeking indemnification from the inspection company. (Bollman Declaration at ¶ 4.) The risk of such a "one-hand-washes-the-other" settlement is precisely why courts find that the settling parties are inadequate representatives for the purposes of Rule 24(a)(2). *Kleisser v. U.S. Forest Serv.*, 157 F.3d 964, 974 (3d Cir. 1998) (reversing denial of intervention; "[i]t does not strain the imagination to conjure up situations in which [the Parties] may face the irresistible temptation to work out settlements that benefit themselves and not [intervenors]").

### B.     Rule 24(b)(1)(B): Permissive Intervention

Beyond intervention as of right, CIS and Applied Consultants should be permitted to intervene under Rule 24(b)(1)(B), which allows permissive intervention to anyone who timely asserts "a claim or defense that shares with the main action a common question of law or fact." Here, this case will resolve based on Bales and Crestwood asking this Court to (1) authorize a collective action and (2) approve a settlement for absent individuals. CIS and Applied Consultants have much to say on those common issues.

**First**, the proposed collective action is untenable.

Collective actions in this circuit cannot include individuals with arbitration agreements. *In re JPMorgan Chase & Co.*, 916 F.3d 494, 501 (5th Cir. 2019); *Hennigar v. Applied Consultants*,

6

*Inc.*, No. 4:21-mc-00889, Dkt. 34 (S.D. Tex. May 26, 2021) (filed as Dkt. 17-1.). Here, however, each of CIS's inspectors and each of Applied Consultants' inspectors have valid arbitration agreements encompassing FLSA claims and waiving any right to participate in an FLSA collective action in court.

Collective actions are statutorily limited to those who are "similarly situated" -- a requirement the district court must "rigorously scrutinize." *Swales*, 985 F.3d at 434. Here, however, the proposed collective action lacks even a common employer. Crestwood and Bales seek a collective action for an unknown number of businesses whose only commonality is that each had Crestwood as a customer. That is not enough. *Emonds v. Amazon.com, Inc.,* No. C19-1613JLR, 2020 WL 5993908 (W.D. Wash. Oct. 9, 2020) (denying collective action in FLSA suit against Amazon encompassing employees of multiple trucking companies whose commonality consisted of sharing Amazon as a customer).

**Second,** the proposed settlement in untenable.

There is a statutory bar. Section 216(b) of the FLSA explicitly provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." No CIS or Applied Consultant employee has filed a consent in this lawsuit; none is a plaintiff; and none can be included in Bales' settlement. *Perez, supra; Genesis Healthcare*, *supra.*

There is a mootness bar. This settlement further cannot include absent employees from CIS or Applied Consultants because a settlement for Bales ends the case. In *Genesis Healthcare*, the Supreme Court held that, where the plaintiff's claim has settled, those individuals "lack[] any personal interest in representing others in this action" and "the mere presence of collective-action

allegations in the complaint cannot save the suit from mootness once the individual claim is settled." 569 U.S. at 73-74.

There is also a solicitation bar to be considered. Here, settlement approval cannot be squared with the Supreme Court's mandate in *Hoffman-La Roche*: "[c]ourt intervention in the notice process for case management process is distinguishable in form and function from the solicitation of claims." 493 U.S. at 174. That solicitation far exceeds what *Hoffman-LaRoche* contemplated as the limited role for district courts in FLSA collective actions. Plus, the misuse of this Court's authority to solicit clients for Bales's counsel is precisely and exactly what Bales' counsel has admitted to in other parallel pending FLSA suits. (*See* Bollman Declaration.)

## IV. CONCLUSION

For these reasons, this Court should grant intervention.

Date:   July 2, 2021                                Respectfully submitted,

                                                              Applied Consultants, Inc.
                                                              Cleveland Integrity Services, Inc.

                                                              /s/ J. Barrick Bollman

                                                              Nicole Figueroa
                                                              McDermott Will & Emery LLP
                                                              2501 N. Harwood Street
                                                              Dallas, Texas 75201
                                                             (214) 295-8062 (phone)
                                                             (972) 767-0190 (fax)
                                                             nfigueroa@mwe.com

                                                             J. Barrick Bollman, *pro hac vice*
                                                             McDermott Will & Emery LLP
                                                             444 West Lake Street
                                                             Chicago, Illinois 60606
                                                             (312) 372-2000 (phone)
                                                             (312) 884-7700 (fax)
                                                             bbollman@mwe.com

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(D), counsel for Movants sought to confer with counsel for Crestwood and counsel for Bales on Wednesday, June 30, 2021. Both did not respond. Counsel for Bales, however, has opposed intervention in similar cases and counsel for Crestwood opposed Movants separate motion to quash subpoena for their inspectors contact information.

                                                             s/ J. Barrick Bollman
                                                             J. Barrick Bollman

## CERTIFICATE OF SERVICE

The undersigned does certify that on the 2nd day of July 2021, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the applicable ECF registrants.

                                                             /s/ J. Barrick Bollman
                                                             J. Barrick Bollman